IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON J. NEW | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-cv-3238 |
| | § | |
| TRANSOCEAN INTERNATIONAL | § | |
| RESOURCES, LTD, ET AL | § | |

# PLAINTIFF'S MOTION TO REMAND

Plaintiff moves that this case be remanded to the 133rd Judicial District Court of Harris County, Texas for the following reasons:

## CONCISE LIST OF POINTS

1. This case was removed by Transocean based solely upon admiralty jurisdiction under 28 U.S.C. §1333(1). *See* Notice of Removal, Doc. 1, ¶ 6.

2. The saving to suitors clause, which is part of 28 U.S.C. §1333(1), allows an admiralty or maritime case to be brought in state court rather than federal court. This case was specifically brought in state under the saving to suitors clause. *See* Doc. 1, Attachment #3, Plaintiff's Original Petition ¶ I.

3. "It is black- letter law that the saving-to-suitors clause is an "express" provision of Congress against the removability of state-court maritime cases." Charles Alan Wright, LAW OF FEDERAL COURTS 228 & n.33 (5th ed. 1984). Longstanding case law, including at least one case authored by Your Honor, holds that a maritime case brought in state court under the saving to suitors clause can only be removed if an independent basis for jurisdiction such as federal question or

diversity of citizenship exists.[1] No such independent basis for jurisdiction exists in this case.

4. There is no diversity of citizenship jurisdiction in this case because there are foreign citizens on both sides of the lawsuit and diversity is therefore not complete as required by the rule of *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Even if there was complete diversity, the case would still not be removable because (1) defendants have not cited diversity as a basis for removal and (2) at least one of the defendants is a citizen of the State of Texas and a case may not be removed under diversity jurisdiction if one of the defendants is a citizen of the state in which the action is brought.  46 U.S.C. §1441(b)(2).

5. Likewise, there is no federal question jurisdiction present in this case because it is a maritime claim which does not "arise under the Constitution, treaties or laws of the United States" so as to make it a federal question for purposes of 28 U.S.C. §1331 (federal question jurisdiction).  *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959).

6. Transocean will attempt to rely on *Ryan v. Hercules Offshore, Inc.*,(S.D.Tex. 2013), a case which fails to address over 200 years of case law relating to the saving to suitors clause and legislative history to hold that a recent clarification of the removal statute made by the Federal Jurisdiction and Removal Clarification

---

[1] *Iwag v. Geisel Compagnia Maritima, S.A.*, 882 F.Supp. 597, 603 (S.D.Tex. 1995) (Gilmore, J.) (holding that the federal courts do not have removal jurisdiction over claims filed in state court under the saving to suitors clause because the clause purports to guarantee the plaintiff the right to a remedy in state court).

Act of 2011 ("the Clarification Act"), somehow opens the door for defendants to remove hundreds or thousands of cases each year on the basis of admiralty jurisdiction.

7. The *Ryan* case also fails to adequately address the fact that the Fifth Circuit has recently opined that even in light of the Clarification Act, an admiralty or maritime action is not removable in the absence of an independent basis for jurisdiction (i.e., federal question or diversity of citizenship) and that an admiralty or maritime claim in and of itself does not support federal question jurisdiction. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (Edith Clement Brown, J) (maritime cases brought in state court "are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims ... *and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship*.") (emphasis added). *See also* 713 F.3d at 229 (dissenting opinion by Higginbotham, J.) ("Although maritime law applies to Barker's action, and federal courts do not have removal jurisdiction over maritime cases which are brought in state court...").

8. Admiralty or maritime jurisdiction under 28 U.S.C. §1333(1) does not by right allow for a trial by jury. Mr. New did have a right to trial by jury in state court and would be deprived of that right if removal of this case is allowed on the basis of admiralty jurisdiction. In short, if, as Transocean contends, the removal statute allows a case in which a plaintiff has to a right to a jury trial in state court to be

      removed to admiralty jurisdiction, which does not by right allow a jury trial, then the removal statute is unconstitutional because deprives that party of his 7th Amendment right to trial by jury.

9.     An order remanding a case to the State court from which it was removed is not reviewable by appeal or otherwise. 28 U.S.C. §1447(d).

## BACKGROUND

Aaron New, a citizen of the United Kingdom who resides in Thailand, brought this action against several Transocean entities, most of whom are citizen of foreign countries. This case was brought in Texas state court in Harris County under the saving to suitors clause of 28 U.S.C. §1333(1), which allows a plaintiff to pursue his maritime claims in state, rather than federal court. Mr. New made claims under the General Maritime Law of the United States[2] or alternatively, under the laws of the United Kingdom or the laws of India.[3]

Transocean removed this case from the 133rd Judicial District Court of Harris County, Texas solely on the basis of admiralty jurisdiction under 28 U.S.C. §1333(1). Mr. New has filed this motion to remand the case to state court within 30 days of November 4, 2013, the date on which Transocean's motion to remand was served.

---

    [2] The General Maritime Law of the United States is federal common law developed by the courts over the past 200 plus years. A claim under the General Maritime Law does not arise under the "Constitution, treaties or laws" of the United States and therefore does not invoke the Court's federal question jurisdiction under 28 U.S.C. §1331. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959).

    [3] Mr. New did not make any claims under the Jones Act, 46 U.S.C. §30105. Transocean, in an apparent attempt to be successful on at least one point in connection with this removal has manufactured a Jones Act claim for Mr. New and is currently seeking summary judgment on this non-existent claim.

## **STANDARDS FOR REMOVAL**

In *Speranza v. Leonard*, 925 F. Supp. 2d 266, 269-70 (D. Conn. 2013) (some internal case citations omitted), the court reviewed the standards involved in removing a case:

> Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. A defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). District courts of the United States have original jurisdiction over (1) all civil actions arising under the Constitution, laws, or treaties of the United States, and (2) all civil actions where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1331; 28 U.S.C.A. § 1332(a).
>
> "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208 (2d Cir.2013) (internal quotation marks and citations omitted). "Where ... jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (additionally, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). See also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").
>
> \*\*\*
>
> District courts have original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333(1). The savings clause of this provision, though, prevents a defendant from removing a maritime action seeking a state law [or any other] remedy even if the plaintiff could have brought the action in federal court under admiralty jurisdiction. *See Port Auth. of N.Y. & NJ v. Am. Stevedoring, Inc.*, 10-CV-99 JG, 2010 WL 979733 (E.D.N.Y. Mar. 16, 2010) ("a defendant may not remove a maritime action seeking a state law remedy even if the plaintiff could have brought the action in federal court on the basis of admiralty jurisdiction"). *See also Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co.*, 359 F.3d 1237, 1241 (10th Cir.2004) ("'[c]ourts have consistently interpreted the "savings clause" to preclude removal of maritime actions brought in state court and invoking a state

law remedy, provided there is no independent basis for removal' such as the presence of a federal question or diversity of citizenship.") (*quoting In re Chimenti*, 79 F.3d 534, 537 (6th Cir.1996)).

## ADMIRALTY JURISDICTION

Article III, Sec. 1 of the U.S. Constitution provides::

The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction ...

Section 9 of the Judiciary Act of 1789 implemented this power:

And be it further enacted, That the district courts ... shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction ... saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it ...

From the very beginning the "saving to suitors" clause was interpreted as allowing cases that could otherwise be brought in federal court under admiralty jurisdiction to be brought and kept in state court unless diversity of citizenship was present*.* "Except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts." *Romero v. Int'l Terminal Operating Co.*, 358 U.S. at 363. "The removal provisions of the original Judiciary Act of 1789, 1 Stat. 79, conferred a limited removal jurisdiction, not including cases of admiralty and maritime jurisdiction.  In none of the statutes enacted since that time have saving-clause cases been made removable*." Romero,* 358 U.S. at 363, n. 16*. See also, e.g.*, Black, Jr., *Admiralty Jurisdiction: Critique and Suggestions*, 50 Colum. L. Rev. 259 (1950) (acknowledging that from its inception the "saving to suitors" clause left the decision of a state or federal forum in a non-diverse maritime in personam case to the exclusive decision of the plaintiff without the right to removal).

In addition to granting the federal courts admiralty jurisdiction subject to the plaintiff's right to file in personam action in state court under the saving to suitors clause, the Judiciary Act of 1789 provided for diversity jurisdiction. Thus a case which would otherwise be heard without a jury on the admiralty side of the docket in federal court, could be brought on the law side of the docket with a jury if diversity jurisdiction were also present. In 1875, Congress expanded the jurisdiction of the courts by providing for federal question jurisdiction - cases arising under the Constitution, laws and treaties of the United States. After a few conflicting decisions of the court of appeals in the early 1950's, the Supreme Court determined that admiralty and maritime cases did not arise under the Constitution, treaties or laws of the United States so as to be based on federal question jurisdiction. *Romero*, 358 U.S. at 368.[4]

### THE SAVING TO SUITORS CLAUSE PROHIBITS REMOVAL OF MARITIME CASES UNLESS AN INDEPENDENT BASIS FOR JURISDICTION EXISTS

Almost every case which has considered the issue has held that absent an independent basis for jurisdiction, such as diversity of citizenship or federal question jurisdiction, a maritime case filed in state court may not be removed to federal court on the basis of admiralty jurisdiction. The savings to suitors clause of 28 U.S.C. §1333(1) prohibits removal to admiralty of cases where no independent basis of federal jurisdiction exists.

---

[4] See also *Romero*, 358 U.S. at 369-70 (emphasis added), in which Justice Frankfurter recounts that from 1876 through 1950, a review of 66 treatises on federal jurisdiction and admiralty and the case law showed that all agreed with the statement made by Justice Clifford in 1876 that "Parties in maritime cases are not * * * compelled to proceed in the admiralty at all, as they may resort to their common-law remedy in the State courts, or in the Circuit Court, *if the party seeking redress and the other party are citizens of different States.*" This well established case law is the basis for the nearly every court which has decided the issue to declare that maritime cases filed in state court are only removable *if an alternate basis of jurisdiction, such as complete diversity of citizenship, exists.*

As this Court has itself held in *Iwag v. Geisel Compagnia Maritima, S.A.*, 882 F.Supp. 597, 603 (S.D.Tex. 1995):

> In *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court ruled that maritime actions arising under the general maritime laws are not claims that arise under the Constitution, treaties, or laws of the United States for purposes of invoking federal jurisdiction. See 28 U.S.C. § 1331. The Fifth Circuit has recognized an exception whereby admiralty and maritime claims may be removed to federal courts only by non-forum defendants and only where there is complete diversity of citizenship. *In re Dutile*, 935 F.2d 61, 62?63 (5th Cir.1991); *Linton*, 964 F.2d at 1488.
>
> * * *
>
> The "saving to suitors" clause, as codified in 28 U.S.C. § 1333, allows the plaintiff to choose either a federal or state forum by providing that state courts may exercise concurrent jurisdiction over maritime claims. *Williams v. M/V Sonora*, 985 F.2d 808, 812 n. 7 (5th Cir.1993). "[F]ederal courts cannot exercise removal jurisdiction over claims subject to the saving to suitors clause," because the clause purports to guarantee the plaintiff the right to a remedy in state court. *Id*. (emphasis in original) (*citing In re Dutile*, 935 F.2d at 63.)

The same is true today. Even after considering the minor changes made in the Federal Jurisdiction and Venue Clarification Act of 2011, the Fifth Circuit continued to look to *Romero* as the authority on removal of maritime cases:

> ... even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, see *id.*, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991).

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013).  Indeed, the dissent in *Barker* reached the same conclusion.  "[F]ederal courts do not have removal jurisdiction over

-8-

maritime cases which are brought in state court." *Barker*, 713 F.3d at 229 (J. Higginbotham, dissenting).

## *RYAN* AND THE CLARIFICATION ACT

In May 2013, Judge Gray Miller denied a motion to remand in *Ryan v. Hercules Offshore, Inc.*, 2013 WL 1967315 (S.D.Tex. 2013).[5] The decision allowed removal of a Death on the High Seas Act/General Maritime Law case from state court to federal court on the basis of admiralty jurisdiction alone. The decision was apparently based on the following change of language made by the Clarification Act to 28 U.S.C. §1441(b):

PRIOR

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

CURRENT

> (b) Removal based on diversity of citizenship.
>
> (1) In determining whether a civil action is removal on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

---

[5] Compare *Speranza v. Leonard*, 925 F. Supp. 2d 266, 269-70 (D. Conn. 2013) (holding that maritime wrongful death claims brought in state court are not removable on the basis of admiralty jurisdiction).

The argument made in *Ryan* is that since Congress deleted the words "[a]ny other such action" from the second sentence of 1441(b), any maritime case filed in state court is somehow now removable to admiralty jurisdiction under the "plain language of the statute". The problem with this argument is that (1) it ignores the saving to suitors clause, which conditions the grant of admiralty jurisdiction found in 28 U.S.C. §1333(1) by allowing plaintiffs to file in state, rather than federal, court; (2) it ignores the case law which respects the right of the plaintiff to file a maritime case in state court under the saving to suitors clause by prohibiting removal unless an independent basis of jurisdiction, such as diversity, is present; (3) it ignores the legislative history of the Clarification Act and (4) it ignores the fact that with respect to attempts to remove solely to admiralty jurisdiction nothing in fact was changed in §1441(b).

The first two problems with *Ryan*, the saving to suitors clause and the case law surrounding that clause have been addressed above. *Ryan* refused to consider the legislative history of the Clarification Act, probably because nowhere does the legislative history mention admiralty or maritime cases or ever refer to removal of cases to admiralty jurisdiction or allow such cases to be removed to admiralty jurisdiction. Instead of intending the federal courts to waste countless hours dealing with "removal to admiralty" issues in hundreds or thousands of cases, Congress in fact intended the Clarification Act to reduce court time spent deciding jurisdictional issues:

PURPOSE AND SUMMARY

> **The "Federal Courts Jurisdiction and Venue Clarification Act of 2011" brings more clarity to the operation of Federal jurisdictional statutes and facilitates the identification of the appropriate State or Federal court where actions should be brought. Judges believe the current rules force them to waste**

> **time determining jurisdictional issues at the expense of adjudicating underlying litigation.** The contents of the bill are based on recommendations developed and approved by the United States Judicial Conference.

H.R. REP. 112-10, H.R. Rep. No. 10, 112TH Cong., 1ST Sess. 2011, 2011 WL 484052, 2011 U.S.C.C.A.N. 576, 577(attached as Exhibit "A").

With respect to Section 1441(b), the provision relied on in *Ryan*, the House Report merely states:

> Proposed paragraph 1441(b)(1) takes the substance of the last sentence in current subsection 1441(a) and places it within the diversity subsection, as the sentence moved pertains only to diversity cases. Proposed paragraph 1441(b)(2) restates the substance of the last sentence of current subsection 1441(b), which relates only to diversity. (The first sentence currently in subsection 1441(b) is deleted because its reference to Federal question jurisdiction is addressed in the first sentence of subsection 1441(a).)

In short, a clarification was made to expressly state that the last sentence of 1441(b) applied to diversity cases, as it always had before. Nothing is mentioned about admiralty cases, which is appropriate since the only application that Section 1441(b) had to admiralty cases before the Clarification Act was if complete diversity of citizenship, an alternate basis for jurisdiction, existed first. Only then would a court look to Section 1441(b) to determine if one of the defendants was a resident of the state in which the action was brought.

The House Report on the Clarification Act is entirely consistent with the comments of Judges Clement and Higginbotham in *Barker* that the change to §1441(b) did nothing more than clarify that the second sentence applied to removals based on diversity jurisdiction, as it had before the change. *See Barker,* 713 F.3 at 222-23 (Judge Clement) and at 230 (Judge Higginbotham).

**REMOVAL TO ADMIRALTY UNCONSTITUTIONALLY DEPRIVES PLAINTIFF
OF HIS RIGHT TO TRIAL BY JURY**

Admiralty jurisdiction, which Transocean seeks to exclusively invoke in this case, does not by right allow a trial by jury. *Waring v. Clarke*, 46 U.S. 441, 460 (1847); *Becker v Tidewater, Inc.*, 257 F.2d 257, 259 (5th Cir. 2005). *See also* Federal R. Civ. P. 9(h)(1) ("A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for these purposes, whether or not so designated") and Rule 38(e) ("Admiralty and Maritime Claims. These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).")

Mr. New had a right to trial by jury in Texas state court.[6] He demanded a jury trial and paid the jury fee for a jury trial.[7]

The Seventh Amendment to the United States Constitution provides:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

---

[6] Texas Constitution, Art. 1, Sec. 15. RIGHT OF TRIAL BY JURY. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency.
See also Texas Constitution Art 5, Sec. 10. TRIAL BY JURY. In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.
See also Tex.R.Civ.P. 216 (jury demand and payment of jury fee).

[7] See Doc. 1, Attachment #3, Plaintiff's Original Petition ¶ VIII (jury demand) and Exhibit "B" attached hereto, copy of receipt from Harris County District Clerk showing that jury fee was paid on September 13, 2013.

Mr. New unquestionably had a right to trial by jury in his common law action filed in Texas state court. Transocean's attempt to remove this case based solely on admiralty jurisdiction would deprive Mr. New of his Seventh Amendment right to trial by jury on his claims.

## **CONCLUSION**

In summary, the saving to suitors clause prevents a case from being removed solely to the Court's admiralty jurisdiction. In order for a maritime case filed in state court under the saving to suitors clause to be removable, an independent basis for jurisdiction exists. No such independent basis for jurisdiction exists in this case. If removal to admiralty is allowed in this case, Mr. New will be deprived of the right to trial by jury, thus rendering the removal statute unconstitutional as applied to this case. For these reasons, Plaintiff prays that the case be remanded to the 133rd Judicial District Court from which it was wrongfully removed.

Respectfully submitted,

*/s/ Robert A. Chaffin*

_____
Robert A. Chaffin - Lead Attorney
TX Bar No. 04057500
robert@chaffinlawfirm.com
Paul R. Miller (Of Counsel)
TX Bar No. 14103500
pmiller@neosoft.com
The Chaffin Law Firm. P.C.
4265 San Felipe Ste 1020
Houston TX 77027
713-528-1000
Fax 713-952-5972
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing was filed and served on all counsel of record though the court's CM/ECF system on November 30, 2013.

              */s/ Paul R. Miller*
              _____
              Paul R. Miller