IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AARON J. NEW | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:13-cv-3238 |
| | § |
| TRANSOCEAN INTERNATIONAL | § |
| RESOURCES, LTD, ET AL | § |

# PLAINTIFF'S INITIAL RESPONSE/REQUEST FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. MOTION FOR PARTIAL SUMMARY JUDGMENT

Transocean has filed a motion for partial summary judgment based on the Jones Act, 46 U.S.C. §30104 *et seq*. Just as with Transocean's motion to dismiss, the motion for partial summary judgment includes three affidavits containing facts which are outside of the record and which are in dispute. The motion was filed only 8 days after this case was removed on the basis of admiralty jurisdiction alone. As with the motion to dismiss, Plaintiff would show that the motion for partial summary judgment should be:

1. Be ruled upon, if necessary, only after Plaintiff's Motion to Remand is decided;

2. Be resubmitted and decided after ample time for discovery since it is based on affidavits and other on information which requires Plaintiff to conduct discovery; or

3. Be denied or denied subject to being resubmitted at a later date in accordance with the guidelines set forth in the Court's Memorandum and Order regarding Discovery Motions for Summary Judgment and Analogous Motions to Dismiss which was entered on November 7, 2013.

## PLAINTIFF'S MOTION TO REMAND SHOULD BE DECIDED FIRST

As set for forth in Plaintiff's response to Transocean's motion to dismiss, the Court has discretion to decide Plaintiff's motion to remand first.  This case was filed by Plaintiff in Texas state court under the saving to suitors clause.   Since this case was removed solely on the basis of admiralty, a ground which this Court, the Fifth Circuit and the Supreme Court has failed to recognize as a proper ground for removal absent an independent fact basis for jurisdiction (such as complete diversity), the Court should consider the motion to remand first.  If the motion is granted, there will be no need for the Court to consider this motion for partial summary judgment.

## THE MOTION SHOULD BE RESUBMITTED AFTER TIME FOR DISCOVERY

Transocean has submitted three affidavits with its motion setting forth facts which are outside of the record.  These facts include what purports to be an expert opinion from a lawyer in India.  As currently submitted, Plaintiff will have had 21 days without being able to do any discovery to respond to the motion.  This appears to be the very situation which the Court sought to avoid when it issued its Memorandum and Order on Motions for Discovery, Motions for Summary Judgment and Motions to Dismiss on November 7, 2013, only 3 business days before Transocean filed its motion.  In accordance with that Order, which Transocean has virtually ignored, Plaintiff requests that the motion for partial summary be denied with the opportunity to raise it later or that the motion be resubmitted after Plaintiff has had an opportunity to conduct discovery.

## ISSUES OF MATERIAL FACT

Transocean fails to set forth the portion of the Jones Act which allows foreign seamen to

go forward with their claims:

> (c) Nonapplication. – Subsection (b) does not apply if the individual bringing the action establishes that a remedy is not available under the laws of –
>
> > (1) the country asserting jurisdiction over the area in which the incident occurred; or
> >
> > (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident.

Plaintiff would show that the following material facts exist which need to be developed with further discover in order to decide this motion:                                                           n

1. Exactly where Mr. New's injury occurred and which county asserts jurisdiction over that area. Transocean's affidavits refer to GPS coordinates for the location of the rig, but never reveal those coordinates. Likewise, Transocean's Claims Manager, Karen Johnson, who works in Houston, has signed an affidavit claiming to have personal knowledge of the location of the rig at time of the injury. Since Ms. Johnson does not allege to have been on the rig at the time of the incident, this information must have been obtained from some other source which is not included in the affidavit and has not been revealed to Plaintiff or the Court.

2. The filing by Plaintiff of a protective lawsuit against one defendant in the United Kingdom does not establish that the there is remedy under the laws of the United Kingdom against companies which Transocean claims are based in the Cayman Islands or Barbados, but which Plaintiff believes the facts will shows are controlled from Transocean's 95,000 square feet of office space in the 12 story building at 4 Greenway Plaza in Houston.

3. There has been no proof that any of the Transocean companies are amendable to jurisdiction or able to satisfy a judgment in India or the United Kingdom and Plaintiff needs to develop those facts.

4. There are issues as to whether a legal remedy is available in the other jurisdictions involved in this case. Plaintiff has had virtually no time or even the power under the federal rules to address these issues in discovery in this case.

5. There are even facts issues as to which of the Transocean companies actually employed Mr. New for purposes of the Jones Act since he was

still under contract to Transocean Offshore USA, Inc. at the time of the incident, but was claimed by Transocean to be employed by other Transocean companies.

## CONCLUSION

Plaintiff prays that a ruling on Transocean's Motion for Partial Summary Judgment be deferred until after Plaintiff's Motion to Remand is decided; that the motion be resubmitted after Plaintiff is allowed to conduct discovery on the disputed fact issues raised by the motion; or, in the alternative, that the motion be denied.

Respectfully submitted,

/s/ Robert A. Chaffin
_____
Robert A. Chaffin - Lead Attorney
TX Bar No. 04057500
robert@chaffinlawfirm.com
Paul R. Miller (Of Counsel)
TX Bar No. 14103500
pmiller@neosoft.com
The Chaffin Law Firm. P.C.
4265 San Felipe Ste 1020
Houston TX 77027
713-528-1000
Fax 713-952-5972
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served on all counsel of record though the court's CM/ECF system on December 3, 2013.

/s/ Paul R. Miller
_____
Paul R. Miller